■ Toby Cole, Appellant, v. Zero Mostel et al., Respondents.— Order entered March 31, 1966 herein appealed from unanimously reversed, on the law and facts, with $30 costs and disbursements to appellant, and the motion to stay arbitration denied. Plaintiff commenced an action against these defendants August, 1964. The first cause of action against defendant Zero Mostel sought an accounting as to sums allegedly due plaintiff for commissions as an agent pursuant to contract. The second cause sought damages from the co-defendants for allegedly interfering with the contract between plaintiff and defendant Zero Mostel. Defendants successfully moved to dismiss the complaint. The court granted the motion as to the first cause on the ground urged by the defendants, namely, that arbitration was the exclusive remedy available to plaintiff. The second cause of action was dismissed for insufficiency. Plaintiff is a member of the Theatrical Artists Representatives Association (TARA) and defendant Zero Mostel is a member of Actors Equity Association (Equity). The contract between the associations contains a provision for arbitration. Section 8 of the contract entitled " Arbitration" provides in part " All disputes  *  *  * of any kind and nature whatsoever between an agent  *  *  * and an actor  *  *  * arising out of or in connection with or under these regulations, or any agency contract between the agent and an actor  *  *  * as to the existence of such contract, its execution, its validity, the right of either party to void the same on any grounds, its construction, performance, non-performance, operation, breach, continuance, or termination, or the right to receive commissions  *  *  * shall be submitted  *  *  * to a joint committee of Equity and of TARA " unless the agent objects in writing. If no settlement is effected it is provided " all such disputes shall be submitted to arbitration" in accordance with a procedure which was fully and carefully outlined. While the motion to dismiss on the ground that arbitration was the sole remedy was pending, defendant Zero Mostel, through his attorney, invoked arbitration of the claim and dispute which was submitted to a joint committee as provided in section 8. The committee recommended a settlement, which Mostel rejected. Thereafter defendants, instead of following the procedure outlined in sction 8, moved to permanently enjoin arbitration. Defendants asserted that plaintiff was not a licensed agent at the time of the transactions as required by article 11 of the General Business Law. They urged also that the contract between TARA and Equity required that any agreement between the parties must be in writing in order to be enforcible. As to the latter contention, under subdivision (c) of section 5 of the contract between the oganizations, there is the provision that agency contracts must be in writing. That section also provides that contracts not in writing, etc., shall be void at the option of the actor, that is, they are voidable and not void. In plaintiff's affidavit she asserts that at the time of the transactions it was not requisite that she have a license since the provisions of article 11 of the General Business Law did not apply because of the nature of plaintiff's work. Plaintiff asserts she was so advised by various city license inspectors. There is no dispute that the underlying contract between TARA and Equity is a valid contract. Plaintiff and defendant, as members of said organizations, are bound by the provision to arbitrate. Moreover, defendants specifically invoked the provisions of section 8, " Arbitration", and actually proceeded in accordance with the first step there outlined for settlement and arbitration of disputes. The court's function is to pass on whether there is a valid agreement to arbitrate (CPLR 7503, subd. [a]; *Matter of Exercycle Corp. [Maratta]*, 9 N Y 2d 329). In *Matter of Aimcee Wholesale Corp. (Tomar Prods.)* (26 A D 2d 915) it was pointed out that the issues of illegality " are available for preliminary submission to the court (as distinguished from

the arbitrators) to one resisting an arbitration on the ground that the illegality nullifies the agreement to arbitrate and are not available to one who is seeking arbitration." Defendants here sought arbitration. (See, also, *Durst* v. *Abrash*, 22 A D 2d 39, affd. 17 N Y 2d 445.) Additionally, the very language of the contract between TARA and Equity would seem to provide that the arbitrators shall pass upon the validity of the contract between the parties. We find that there was a valid contract binding these parties to arbitrate their differences, that the defendants initially invoked use of the process, and the motion for a stay should be denied. Concur — Stevens, J. P., Capozzoli, Tilzer, Rabin and Bastow, JJ.